**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**SCOTT HUDSON,**

    **Plaintiff,**

**v.**                      **Case No.: 3:20-cv-5875-MCR-HTC**
                                   **Circuit Ct Case No.: 2020 CA 000665**

**UNIVERSITY OF WEST FLORIDA**
**BOARD OF TRUSTEES,**

    **Defendant.**
**_____/**

**ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S PETITION TO COMPEL ARBITRATION**
**OR IN THE ALTERNATIVE OTHER RELIEF**

Defendant University of West Florida Board of Trustees ("UWF") responds to the Petition to Compel Arbitration or in the Alternative Other Relief as follows:

    1.      Admitted.

    2.      Denied.

    3.      Admitted for jurisdictional purposes only. Allegations regarding "all actions and omissions pertinent to this action" are addressed below.

1

4.     Admitted for jurisdictional purposes only. Denied this action is subject to arbitration.

5.     Denied as stated.

6.     Admitted.

7.     Admitted.

8.     Without knowledge and therefore denied.

9.     Without knowledge and therefore denied.

10.    Without knowledge and therefore denied.

11.    Without knowledge and therefore denied.

12.    Without knowledge and therefore denied.

13.    Without knowledge and therefore denied.

14.    Without knowledge and therefore denied.

15.    Admitted.

16.    Denied.

17.    Denied as stated.

18.    Denied.

19.    Without knowledge and therefore denied.

20.    Without knowledge and therefore denied.

21.    Without knowledge and therefore denied.

22.   Admitted Plaintiff was represented by private counsel.

23.   Denied as stated.

24.   Admitted.

## I. ACTION TO COMPEL ARBITRATION

25.   Admitted Plaintiff filed a grievance.

26.   Denied.

27.   Admitted Plaintiff filed a grievance.

28.   Denied.

29.   Denied.

30.   Denied.

31.   Denied as stated.

32.   Denied as stated.

33.   Without knowledge and therefore denied.

34.   Without knowledge and therefore denied.

35.   Without knowledge and therefore denied.

36.   Without knowledge and therefore denied.

37.   Without knowledge and therefore denied.

38.   Without knowledge and therefore denied.

39.   Without knowledge and therefore denied.

40.     Without knowledge and therefore denied.

41.     Denied as stated.

42.     Denied as stated.

43.     Denied.

44.     Without knowledge and therefore denied.

45.     Without knowledge and therefore denied.

46.     Without knowledge and therefore denied.

47.     Without knowledge and therefore denied.

48.     Denied as stated.

49.     Admitted the language cited is in the CBA. The CBA speaks for

itself.

50.     Admitted the language cited is in the CBA. The CBA speaks for

itself.

51.     Without knowledge and therefore denied.

52.     Without knowledge and therefore denied.

53.     Denied.

## II. FIRST AMENDMENT VIOLATION
## ACADEMIC FREEDOM, 42 U.S.C. 1983

52.(sic.) UWF adopts and incorporates its answers to paragraphs 1 - 44 of Count I as if set forth fully herein.

53.   Denied as stated.

54.   Without knowledge and therefore denied.

55.   Denied as stated.

56.   Without knowledge and therefore denied.

57.   Without knowledge and therefore denied.

58.   Denied.

59.   Denied UWF retaliated against Plaintiff.

60.   Admitted that, generally, persons who determine a faculty member's contract should not be renewed are acting in their official capacities.

61.   Admitted.

62.   Denied.

63.   Denied.

64.   Denied UWF retaliated against Plaintiff.

65.   Denied.

66.  Denied.

67.  Without knowledge and therefore denied.

68.  Without knowledge and therefore denied.

69.  Denied.

## III. BREACH OF CONTRACT/PROMISSORY ESTOPPEL

70.  UWF adopts and incorporates its answers to paragraphs 1 - 44 of Count I as if set forth fully herein.

71.  Denied.

72.  Without knowledge and therefore denied.

73.  Denied.

74.  Without knowledge and therefore denied.

74. (sic.) Without knowledge and therefore denied.

75.  Denied.

76.  Denied.

77.  Denied.

78.  Denied as stated.

79.  Denied.

80.  Denied.

81.  Denied as stated.

82.   Denied.

83.   Denied.

84.   Admitted.

85.   Denied as stated.

86.   Denied as stated.

87.   Denied as stated.

88.   Denied.

89.   Denied as stated.

90.   Denied as stated.

91.   Denied.

92.   Denied.

93.   Without knowledge and therefore denied.

94.   Denied.

95.   Without knowledge and therefore denied.

96.   Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

To the extent that any of the losses and damages which are the subject

of this action by Plaintiff have been paid or are payable by collateral or other

7

sources in accordance with Florida Statutes and applicable law, Plaintiff is not entitled to collect for such losses, or in the alternative, Defendant is entitled to a setoff.

## Second Affirmative Defense

Plaintiff was comparatively at fault, which was a sole cause or contributing cause to the incident complained of, so as to bar or diminish any claim for recovery.

## Third Affirmative Defense

Plaintiff's claims are barred by the applicable statutes of limitations, waiver, estoppel, or laches.

## Fourth Affirmative Defense

UWF is a state agency, and Plaintiff's recovery from UWF, if any, is limited by § 768.28, Florida Statutes, common law or other law including sovereign immunity, 11th Amendment immunity, or Defendant is otherwise immune from damages.

## Fifth Affirmative Defense

Plaintiff's claim alleges fault in UWF's discretionary or planning level functions, and UWF is immune from liability for this claim.

## Sixth Affirmative Defense

Plaintiff failed to mitigate his damages.

## Seventh Affirmative Defense

Plaintiff failed to provide UWF and the Florida Department of Financial Services with notice of his intent to file a law suit as required by § 768.28, Fla. Stat.

## Eighth Affirmative Defense

UWF's employees, agents, and officers are entitled to qualified immunity for actions taken pursuant to their discretionary authority, in that their conduct did not violate any clearly established statutory or constitutional right of which a reasonable person would have known. Furthermore, at all times material, UWF and its employees, agents, and officers acted in good faith, reasonably, and without malice in the course and scope of their duties.

## Ninth Affirmative Defense

Plaintiff's claims are barred by the doctrines of release, unclean hands, and equitable estoppel.

## Tenth Affirmative Defense

Plaintiff's injuries and damages, if any, are not attributable to any act, conduct, or omission on the part of Defendant.

### Eleventh Affirmative Defense

Plaintiff's claims against UWF are barred, in whole or in part, by failing to follow the requirements and/or perform the conditions precedent of his contractual obligations including, without limitation, exhausting his administrative remedies and filing a complaint with the EEOC or Florida Commission on Human Relations.

### Twelfth Affirmative Defense

Plaintiff failed to timely file for arbitration and voluntarily waived any right to arbitrate he may have had against UWF.

### Thirteenth Affirmative Defense

The speech Plaintiff contends was abridged and is the basis for his claim is not a matter of public concern.

### Fourteenth Affirmative Defense

Plaintiff lacks standing to bring a claim against UWF.

### Fifteenth Affirmative Defense

UWF had a legitimate, non-discriminatory reason for not renewing Plaintiff's employment.

**Sixteenth Affirmative Defense**

UWF, at all times pertinent to the Plaintiff's claims, acted reasonably and prudently under the circumstances and complied with all applicable laws.

## ATTORNEYS' FEES

UWF had to retain the services of the undersigned attorneys to defend this action, including applicable appeals. UWF is entitled to an award of attorney's fees and costs as the prevailing party and otherwise pursuant to the provisions of 42 U.S.C. §1988 and other applicable law.

## DEMAND FOR JURY TRIAL

UWF demands a trial by jury on all issues so triable by law.

\* \* \* \* \*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been furnished to Cecile M. Scoon, 25 East 8th Street, Panama City, FL 32401 by electronic service this 20th day of October, 2020.

/s/ Larry A. Matthews
**Larry A. Matthews**
Florida Bar No.:   0339601
**Raymond F. Higgins, III**
Florida Bar No.:   0153117
MATTHEWS & HIGGINS, LLC
114 East Gregory Street (32502)
Post Office Box 13145
Pensacola, FL   32591-3145
(850) 434-2200 Telephone
(850) 434-2600 Facsimile
E-Mail lmatthews@matthewshigginslaw.com
           rhiggins@matthewshigginslaw.com
Attorneys for Defendant UWF