UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**Scott Hudson,**
    **Plaintiff**

    Case No. 3:20-cv-5875-MCR-HTC

**University of West Florida Board of Trustees**
    **Defendant.**

## AMENDED MOTION TO COMPEL ARBITRATION

COMES now, Plaintiff, Scott Hudson, by and through his undersigned attorney and respectfully moves this Court for an Expedited Hearing and Order compelling Arbitration against the Defendant, University of West Florida, "UWF," pursuant to Section 682.03 Florida Statutes and Title 9 of USC Code and other relief. Plaintiff would show:

1. Plaintiff was employed by Defendant as an acting professor at UWF from 2015-2017.

2. Plaintiff performed his duties well.

3. All actions and omissions pertinent to this action occurred in Escambia County, Florida.

4. This court has jurisdiction over the parties and subject matter pursuant to FS.682 et seq and 42 USC 1983.

5. The Plaintiff and the Defendant were bound by a Collective Bargaining Agreement (CBA) that provided for arbitration of disputes in employment. A copy of the pertinent portions of the Agreement is attached and incorporated herein as Ex 1.[1]

6. The Bargaining entity representing employees in a Union at the UWF was United Faculty of Florida (UFF).

7. A student allegedly made a complaint about Plaintiff.

---

[1] Plaintiff will rely upon the Exhibits previously filed with the Complaint to support this Motion.

8. Plaintiff presented a play and the syllabus about the play to the Theater Dept. at UWF.

9. The syllabus and the play were pre-approved by UWF.

10. Plaintiff warned students that the play contained adult content and that students should let him know if they were ever uncomfortable.

11. No students made any remarks or complaints about being uncomfortable.

12. In the summer/fall of 2016, Plaintiff told his supervisor that he had a learning disability and needed some additional teaching support with his large classes.

13. Instead of providing the requested accommodations, Defendant gave Plaintiff more students with less teaching assistance.

14. Shortly after Plaintiff sought reasonable accommodations from the school, Plaintiff's supervisor's attitude changed towards him drastically and he became more distant and critical and less supportive.

15. Plaintiff was told on or about January 2017 that UWF would not renew his contract for the following year.

16. No reason was given for the non-renewal notice.

17. Pursuant to his rights under the CBA, Plaintiff requested in writing that a reason be given for the non-renewal. CBA Para13.2(b)(2)(d).

18. UWF failed to provide a specific reason for the Notice of Non-renewal to Plaintiff.

19. A student made a complaint about Plaintiff.

19. Plaintiff's Dean made a remark that the student's complaint was one of the reasons that Plaintiff was going to be non-renewed.

20. The complaint that the Dean was relying upon was not actually about Plaintiff but pertained to another professor.

21. Plaintiff chose to be represented by private counsel and not to use the union representative in his grievance against the University as is allowed by the CBA. Para 21.3 Representation.

    Para 22.3 Representation provides:

    **(a)** The UFF will have the exclusive right to represent any faculty member in a grievance filed under this Agreement, **unless the faculty member elects self-representation or to be represented by legal counsel. (Emphasis added)**

22. The bargaining agreement gave Plaintiff the right to be represented by the union or to be represented by a person of his choosing.

23. Plaintiff chose the undersigned attorney to represent him in the grievance proceeding.

    On or about February 2017, Plaintiff filed a written request for a grievance and a formal request for the basis of the reason for the nonrenewal as provided for in the Unit Agreement. (A copy of the Formal Request for a Grievance and Request for a reason for the Notice of Non-Renewal is attached and incorporated herein as Exhibit 2 and 3 respectively).

24. UWF refused to provide a specific reason for the non-renewal, thereby making it impossible for Plaintiff to properly defend himself against the general allegations made against him that he was not suitable to UWF. (A copy of the UWF response is attached and incorporated herein as Exhibit 4)

25. Plaintiff grieved that he was denied his rights under the arbitration agreement and that his rights to be:

   i.) informed of the reason for a non-renewal, and

   ii.) to be free to use his academic judgement, were violated.

26. Plaintiff has arbitrable issues under the CBA.

27. Plaintiff did not waive his right to arbitration.

28. Plaintiff adhered to all of the steps required for the grievance to reach the final decision.

29. After the final decision was rendered in favor of the UWF, Plaintiff requested formal arbitration. ( A copy of the Request for Arbitration is attached and incorporated herein as Exhibit 5)

30. Defendant stated that it would not provide arbitration because Plaintiff had not sought permission of the bargaining unit manager. ( A copy of the UWF Response and denial of Arbitration is attached and incorporated herein as Exhibit 6)

31. Plaintiff had inquired of the bargaining manager of UFF whether he needed to get involved in the grievance and the bargaining manager declined as Plaintiff had chosen representation outside of the union.

32. Plaintiff further inquired of the UFF bargaining manager whether he needed to sign the Notice of Arbitration.

33. The UFF bargaining manager stated that he did not need to sign the Notice of Arbitration because UFF was not representing Plaintiff.

34. Plaintiff was directed to cross out the line for the signature of a UFF representative on the Notice of Arbitration and Plaintiff did so.

35. Plaintiff contends that Defendant cannot deny Plaintiff the right to arbitration when Plaintiff sought arbitration without the union as  so as stated in the agreement.

36. Defendant contends that forcing the bargaining manager to sign off on the request for a grievance would force the Plaintiff to accept the representation of the union that Plaintiff chose not to do as was allowed under the agreement.

37. Essentially, Plaintiff did comply with the CBA by contacting the Bargaining Unit and asking them if they wished to represent Plaintiff in the Arbitration. The Bargaining Unit declined to do so, as was their right to do.

38. Furthermore, the bargaining unit manager said that his involvement in the Notice of Arbitration was not necessary and he declined to sign the document.

39. Plaintiff and his counsel contacted the bargaining unit manager by phone and email and was told that there was no need for the bargaining unit representative to sign any Notice of Arbitration to be able to obtain arbitration. ( A copy of the email correspondence between the Union representative and Plaintiff's Counsel is attached and incorporated herein as Exhibit 7).

40. Plaintiff should be able to rely upon the statement of the bargaining unit manager who had real and apparent authority under the CBA to make that statement.

41.  Defendant cannot assert the right of another that waived that right.

42. The UFF was informed about the content of Plaintiff's grievance and chose to not get involved.

43. UFF declined to represent Plaintiff solely because he was not a union member.

44. UFF was not harmed by its own decision to decline representation of Plaintiff.

45. UWF was not prejudiced in any way by Plaintiff representing himself in the grievance and in not having a UFF representative sign off on the Request for an Arbitration.

46. All of Plaintiff's issues raised in his grievance are issues that are subject to the bargaining agreement and the arbitration agreement.

47. Any question about whether an issue is arbitral should be determined in arbitration by the arbitrator.

48. The CBA itself states that "the arbitrator will rule upon jurisdictional issues within ten days of the hearing." CBA Para 22.5 (g)(3)(c).

49. The authority of the Arbitrator is stated in CBA Para 22.5(g)(4)(a).

> Authority of the Arbitrator.
>
> a. The arbitrator will have no authority to add to, subtract from, alter, change, or modify any of the provisions of this agreement. **Arbitration will be confined solely to the application/and or interpretation of this Agreement and the precise issue(s) submitted for arbitration**….(Emphasis added)

50. Plaintiff has been financially and emotionally harmed by the decision to non-renew and the decision to refuse to arbitrate Plaintiff's claims

51. Plaintiff is obligated to pay the undersigned attorney reasonable attorneys fees and to pay the costs if bringing this action.

52. Defendant should be liable for the harms caused by its actions as stated above.

53. Plaintiff has also plead for other relief in the alternative if the relief requested in this Motion is not granted.

54. FS 682 provides for an expedited hearing to determine whether this matter should be sent To arbitration. Plaintiff seeks that remedy from this Honorable Court.

WHEREFORE, Plaintiff prayerfully seeks the court to:

a. Hold an Expedited Hearing,

b. Issue an Order compelling UWF to state with particularity the basis of its decision to non-renew

c. Issue an Order compelling arbitration, awarding reasonable damages, reasonable attorneys' fees, And for any other remedy deemed to be fair and reasonable.

FRCP 7.1(b)  Certification

The undersigned Counsel for Plaintiff has requested Counsel for the Defendant to agree that the issues raised in this case be subjected to arbitration. Counsel for Defendant does not agree to have the issues raised in this case subjected to arbitration.

CERTIFICATE OF SERVICE

Plaintiff has filed this Motion with ECF and by doing so has served opposing counsel of record on this 2 December 2020.

/s/ Cecile M. Scoon, Esq.
Cecile M. Scoon, Esq.
FL Bar # 834556
25 East 8th Street Panama City, FL 32401
Telephone: (850) 769-7825
Fax: (850) 215-2697
Attorney for Plaintiff
Scott Hudson