UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**SCOTT HUDSON,**

    **Plaintiff,**

v.                                  **District Ct Case No.: 3:20-cv-5875**
                                        **Circuit Ct Case No.: 2020 CA 000665**

**UNIVERSITY OF WEST FLORIDA**
**BOARD OF TRUSTEES,**

    **Defendant.**
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
AMENDED MOTION TO COMPEL ARBITRATION**

Defendant University of West Florida Board of Trustees ("UWF"), by and through its undersigned counsel, responds to Plaintiff Scott Hudson's Amended Motion to Compel Arbitration and states Hudson is not entitled to arbitration of his grievance.

**BACKGROUND**

UWF and its faculty operate under a Collective Bargaining Agreement ("CBA") between UWF and the United Faculty of Florida, University of West Florida Chapter ("UFF"). Grievance and arbitration procedures are governed by Article 22 of the CBA which is attached as Exhibit "1" to

Plaintiff's Petition to Compel Arbitration or in the Alternative Other Relief ("The Complaint").

On January 23, 2017, Hudson was given notice that he was not being reappointed to the position of Assistant Professor in UWF's Department of Theatre. Hudson, represented by personal counsel and not the UFF, timely filed a grievance in accordance with the CBA and his grievance was denied in the first two steps of the grievance procedure. Hudson was informed that his Step 2 appeal of the Step 1 proceeding was denied in a letter to him dated September 29, 2017. In a facsimile and letter dated October 30, 2017, Hudson, and not the UFF, sought arbitration under the CBA.

Because arbitrating a grievance is solely within the discretion of the UFF, Hudson's individually filed petition for arbitration is contrary to the express provisions of the Article 22 requirements for seeking arbitration and is a nullity.

Arbitration, or Step 3, procedures are found in Paragraph 22.5(g) of the CBA. There, the CBA requires:

> (1) Filing. If the grievance has not been satisfactorily resolved at Step 2, **the UFF may proceed to arbitration** by filing a written notice of the intent to do so.
>
> a. Notice of intent to proceed to arbitration will be filed with the President or representative within thirty (30) calendar days after receipt of the Step 2 decision and will be

signed by the grievant and the State UFF President or the UFF Director of Arbitrations.

Because Hudson's Notice of Arbitration was not filed by the UFF, it is void and Hudson's Amended Motion to Compel Arbitration should be denied.

**Hudson is not entitled to unilaterally demand arbitration.**

Under the CBA, arbitration may be available to a grievant if Step 2 of the grievance process fails to resolve the grievance. Only the UFF, however, has the right to proceed to arbitration.

In Florida, it is well settled law that when a union has contractual control over a grievance process under a collective bargaining agreement, its members cannot initiate arbitration proceedings between the member and the public employer. *See, e.g., Galbreath v. Sch. Bd. of Broward County*, 446 So.2d 1045 (Fla.1984); *City of Pembroke Pines v. DeSantis*, 816 So. 2d 1198 (Fla. 4th DCA 2002). It is the union that must initiate the arbitration on behalf of its member and if a union declines to seek arbitration the public employer has no obligation to arbitrate the dispute. *Id.*

As in *Galbreath* and *DeSantis*, Hudson has no authority to seek arbitration on his own. The express provisions of the CBA limit the filing of arbitration notices to the UFF and does not allow the grievant to unilaterally, or through the grievant's legal representative, proceed to

arbitration. *See* Paragraph 22.5(g)(1) ("If the grievance has not been satisfactorily resolved at Step 2, *the UFF* may proceed to arbitration by filing a written notice of the intent to do so").

There is no provision in the CBA for an individual to seek arbitration and, at the very least, the UFF was required to approve arbitration of the matter. This is borne out by further language in the CBA showing the UFF, and not the grievant, has the authority to proceed to arbitration. For example, the following language in Paragraph 22.5(g) makes no reference to the grievant's or the grievant's personal legal representative's participation in the arbitration process:

    a.    Subparagraph (g)(2)a, Selection of Arbitrator, states that "[r]epresentatives of the University and the UFF" will meet to select an arbitration panel.

    b.    Subparagraph (g)(2)b states "representatives of the University and the UFF" will meet to select an arbitrator from the panel.

    c.    Subparagraph (g)(2)e states "the right of the first choice to strike from the list will be determined by the flip of a coin with the first grievance to proceed to arbitration each calendar year, and then will alternate between the UFF and UWF."

    d.    Subparagraph (g)(8)a states that all fees and expenses of the arbitrator will be shared equally "by the University and the UFF."

Nothing in these subparagraphs, or elsewhere in the CBA, provide for grievants or their personal counsel to participate on their own in the arbitration procedure.

In contrast, the CBA language governing Steps 1 and 2 of the grievance process does not limit participation in the grievance process to the UFF. There, the CBA provides for participation by a grievant or his legal representative. For example, the following language refers to the grievant's or grievant's representative's or legal counsel's participation in Steps 1 and 2:

    a.    Subparagraph (e)(1)c, Step 1 Meeting, states "the grievant will have the right to present any evidence in support of the grievance, and the grievant and/or the UFF representative or the grievant's legal counsel (if selected pursuant to section 22.3) and the Provost or representative shall discuss the grievance and attempt to find an equitable resolution."

    b.    Subparagraph (e)(2)d, Step 1 Decision, states "a copy of the decision will be sent to the UFF if the grievant elected self-representation or representation by legal counsel."

    c.    Subparagraph (f)(3)a, Step 2 Decision, states "the President or representative will issue a written decision, stating the reasons for the decision, to the grievant, if self-represented, or to grievant's Step 2 representative and to the UFF (if the grievant is not represented by the UFF) within thirty (30) calendar days following the conclusion of the review meeting."

The inclusion of "grievant's representative" or "grievant's legal counsel" in the sections related to Steps 1 and 2 and the specific absence of these terms from the arbitration section demonstrate conclusively that the limitation on proceeding to arbitration was a purposeful choice agreed upon and ratified by UWF and the UFF.

In addition to Article 22 not providing for any party other than the UFF to proceed to arbitration, the Appendix E form ("Notice of Arbitration") filed by Hudson fails to meet the requirements of Article 22. Both Article 22.5(g) of the CBA, and Appendix E require the Notice of Arbitration to be signed by the "State UFF President or the UFF Director of Arbitrations." The Notice of Arbitration (Appendix E) submitted on behalf of Hudson was not signed by either the State UFF President or the UFF Director of Arbitrations.[1] Accordingly, the Notice of Arbitration submitted on Hudson's behalf did not meet the requirements of Article 22.5(g)(I)a of the CBA.

The UFF is the spokesperson for the faculty and is entitled under the CBA to make the determination of whether a grievance is worth expending resources to pursue in arbitration. In this capacity, the UFF serves as a gatekeeper or filter for grievances it does not deem merit its efforts or costs to advance.

Under *DeSantis*, a public employer is relieved from the obligation to arbitrate any time the request is made by someone other than the union, regardless of whether the union authorized the request or even supported the grievant. There, the 4th DCA makes clear that a union which has contractual control over the grievance process cannot delegate the

---

[1] Hudson's Notice of Arbitration is attached to the Complaint as Exhibit "5."

responsibility to request arbitrations and must make the request itself. If the union does not make the request, the public employer has no obligation to arbitrate the dispute.

In sum, if the UFF does not want to arbitrate a grievance past Step 2 then Hudson has no choice but to attempt to litigate the matter on his own. Under the CBA and Florida law, Hudson has no authority to unilaterally seek arbitration.

WHEREFORE UWF requests the Court deny Hudson's motion to compel arbitration.

## LOCAL RULE 7.1 (F) CERTIFICATION

Pursuant to Local Rule 7.1(F), the undersigned certifies that this motion and memorandum does not exceed 8,000 words.

* * * * *

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to Cecile M. Scoon, 25 East 8th Street, Panama City, FL 32401 by electronic mail this 16th day of December, 2020.

/s/ Larry A. Matthews
**Larry A. Matthews**
Florida Bar No.:  0339601
**Raymond F. Higgins, III**
Florida Bar No.:  0153117
MATTHEWS & HIGGINS, LLC
114 East Gregory Street (32502)
Post Office Box 13145
Pensacola, FL  32591-3145
(850) 434-2200 Telephone
(850) 434-2600 Facsimile
E-Mail  lmatthews@matthewshigginslaw.com
rhiggins@matthewshigginslaw.com
**Attorneys for Defendant UWF**