UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SCOTT HUDSON,

    Plaintiff,

v.                                                                    CASE NO. 3:20-cv-5875-MCR-HTC

UNIVERSITY OF WEST FLORIDA
BOARD OF TRUSTEES,

    Defendant.
_____/

**ORDER**

Before the Court is Plaintiff Scott Hudson's Amended Motion to Compel Arbitration, ECF No. 9. Defendant University of West Florida Board of Trustees ("UWF") opposes the motion. ECF No. 12. On full consideration, the Court finds the motion is due to be denied.[1]

**I. Background**

Hudson was employed as an Assistant Professor in UWF's Theater Department. UWF and its faculty operate under a Collective Bargaining Agreement ("CBA") between UWF and the United Faculty of Florida, University of West Florida Chapter ("UFF"). *See* CBA, ECF No. 1 at 18–26. The CBA provides for a

---

[1] Hudson's request for an expedited hearing is **DENIED**.

three-step grievance procedure to resolve disputes between UWF and its faculty. *See id.* § 22.5. In Steps 1 and 2, the grievant is entitled to obtain and present evidence relevant to the grievance and may elect self-representation, representation by UFF, or representation by his or her own retained legal counsel. *See id.* §§ 22.3(a), 22.5(e)-(f). If the grievance is not resolved at Step 2, Step 3 provides that "the UFF may, upon request of the grievant, proceed to arbitration." *Id.* § 22.5(g)(1). To initiate an arbitration under Step 3, the grievant must timely file a notice of intent to proceed to arbitration that is signed by both the grievant and either the State UFF President or the UFF Director of Arbitrations. *Id.* § 22.5(g)(1)(a). The CBA authorizes UWF to "refuse consideration of a grievance not filed or processed in accordance with [the CBA's grievance procedure]." *Id.* § 22.11(c).

In January 2017, UWF notified Hudson that he would not be reappointed. UWF did not provide Hudson with a reason for the non-renewal notice. Hudson alleges that the non-renewal was due to his disability and/or his selection of a graphic play to be performed by his students. As a result, Hudson retained private legal counsel and initiated a grievance pursuant to Step 1 of the CBA's procedure.

After Hudson's grievance was denied at both Step 1 and Step 2 of the CBA's grievance procedure, he decided to proceed to arbitration under Step 3. Hudson's attorney prepared a Notice of Arbitration, crossing out all references to the UFF and

replacing them with references to "grievant's counsel" or "attorney for Scott Hudson." Hudson's attorney signed the Notice of Arbitration and filed it with UWF.[2] Citing § 22.11(c) of the CBA, UWF refused to consider Hudson's Notice of Arbitration because the Notice was neither filed by UFF nor signed by the appropriate UFF representative as required by Step 3 of the CBA's grievance procedure. *See* ECF No. 1 at 36–37.

Hudson now moves to (1) "compel[] UWF to state with particularity the basis of the decision to non-renew," (2) compel UWF to arbitrate Hudson's grievance, and (3) for an award of his attorney's fees and costs.

**II. Discussion**

Hudson moves to compel arbitration "pursuant to Section 682.03 Florida Statutes and Title 9 of USC Code." But "Title 9 of USC Code"—the Federal Arbitration Act ("FAA")—"does not apply to collective bargaining agreements like

---

[2] Prior to filing the Notice of Arbitration, Hudson's attorney contacted two UFF representatives to inquire whether the signature of Dr. Ramie Gougeon, UFF's Grievance Coordinator, was required. The UFF representatives informed Hudson's attorney that Dr. Gougeon's signature was not required and that she "could cross that part out." *See* ECF No. 1 at 38–41. Hudson argues that he "should be able to rely upon the statement[s] of the [UFF representatives'] who had real and apparent authority under the CBA to make that statement." Hudson's argument is unavailing because the CBA requires the Notice of Arbitration to be signed by either the State UFF President or the UFF Director of Arbitrations. *See* CBA § 22.5(g)(1)(a). Therefore, even if Hudson had obtained the UFF Grievance Coordinator's signature, it would not have been sufficient to comply with the CBA's requirements.

CASE NO. 3:20-cv-5875-MCR-HTC

the CBA." *See Parfitt v. Fla. Gulf Coast Univ.*, No. 2:19-cv-727, 2020 WL 1873585, at *5 (M.D. Fla. Apr. 15, 2020) (citing *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC*, 642 F.3d 1344, 1353 n.4 (11th Cir. 2011); *but see Wiregrass Metal Trades Council AFL-CIO v. Shaw Env't & Infrastructure, Inc.*, 837 F.3d 1083, 1087 n.1 (11th Cir. 2016) (recognizing some ambiguity in Eleventh Circuit precedent on the issue). "When a contract with an arbitration provision falls beyond the reach of the FAA, courts [typically] look to state law to decide whether arbitration should be compelled nonetheless." *Martins v. Flowers Foods, Inc.*, 463 F. Supp. 3d 1290, 1298 (M.D. Fla. 2020). Under Florida law, where a union retains contractual control over the arbitral step of a grievance procedure and it declines to process a grievance to arbitration, the public employer is not obligated to arbitrate the dispute if the grievant submits it to arbitration directly. *See Galbreath v. Sch. Bd. of Broward Cty.*, 446 So. 2d 1045, 1047–49 (Fla. 1984); *City of Pembroke Pines v. DeSantis*, 816 So. 2d. 1198, 1199–200 (Fla. 4th DCA 2002); *City of Pembroke Pines v. Zitnick*, 792 So. 2d 677, 679 (Fla. 4th DCA 2001).

Here, the CBA unambiguously vests control over the arbitral step of the grievance procedure to the UFF. *See* CBA § 22.5(g)(1) ("*[T]he UFF* may, upon request of the grievant, proceed to arbitration by filing a written notice of the intent

to do so. Notice of intent to proceed to arbitration . . . will be signed by the grievant *and* the State UFF President or the UFF Director of Arbitrations." (emphasis added)); *see also id.* § 22.5(g)(2) (outlining procedure for selection of arbitrator between "[r]epresentatives of the University *and the UFF*") (emphasis added)). Therefore, UWF is not obligated to arbitrate Hudson's grievance because Hudson, not the UFF, submitted his dispute to arbitration.

Accordingly, Hudson's Amended Motion to Compel Arbitration, ECF No. 9, is **DENIED**.

**DONE AND ORDERED** this 22nd day of April 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

CASE NO. 3:20-cv-5875-MCR-HTC